IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

DAVID HAWTHORNE,           )
                           )
        Plaintiff,         )
                           )
v.                         )      CIVIL ACTION NO. CV-01-B-0094-NE
                           )
ADTRAN, INC.,              )
                           )
        Defendant.         )

## MEMORANDUM OPINION

This case is before the court on defendant's Motion to Dismiss and Request for Award of Attorney's Fees filed July 10, 2001. Defendant Adtran moves this court pursuant to Rules 41(b) and 37(b)(2) of the Federal Rules of Civil Procedure to dismiss plaintiff's Complaint with prejudice and to award defendant its attorney's fees incurred in connection with the defense of this litigation.

Plaintiff filed this lawsuit on January 8, 2001, asserting claims of employment discrimination. Defendant filed its Answer and Defenses to Plaintiff's Complaint on February 1, 2001. Defendant served its First Request for Production of Documents and First Interrogatories on plaintiff on March 15, 2001. (EX A to defendant's Motion to Dismiss). Plaintiff failed to respond or object to defendant's discovery requests within the time limitation set forth in the Federal Rules of Civil Procedure.

On April 25, 2001, counsel for defendant sent plaintiff's counsel a letter by facsimile and regular mail informing plaintiff's counsel that his discovery responses were late and asking that he respond by May 3, 2001. (See EX B to defendant's Motion to Dismiss).[1]

---

[1] Defendant states in their Memorandum in Support of the Motion to Dismiss as follows: "In telephone conversations on May 3 and 4, 2001, plaintiff's counsel indicated to defendant's counsel that plaintiff's counsel was having difficulty reaching plaintiff in order to finalize

On May 18, 2001, having received no responses to the discovery requests, defendant's counsel sent a letter to plaintiff's counsel by facsimile and mail, in which defendant's counsel indicated that, if plaintiff did not respond to the discovery requests by May 22, 2001, defendant's counsel would seek the court's assistance in securing the responsive information and documents. (See EX C to defendant's Motion to Dismiss).

In defendant's Memorandum in Support of its Motion to Dismiss, defendant also notes:

> "On May 29, 2001, defendant had not received plaintiff's responses to its discovery requests, and, on that date, filed a Motion to Compel. On May 31, 2001, plaintiff's counsel filed a response to defendant's Motion to Compel in which he acknowledged that defendant was entitled to discovery responses but stated that he could not provide the responsive information because his client had not responded to any of his numerous efforts to contact him. Indeed, plaintiff's counsel represented in his response that his last contact with plaintiff was May 1, 2001."

On June 12, 2001, the court granted defendant's Motion to Compel and ordered plaintiff to provide discovery responses by June 19, 2001, and to show cause by that date as to why an award of attorneys fees and expenses should not be entered against him. In granting defendant's Motion, the court also warned plaintiff as follows:

> Failure to comply with this Order may result in sanctions being ordered pursuant to Federal Rule of Civil Procedure 37(b)(2), including possibly dismissal of this action.

In its Motion to Dismiss, defendant states that plaintiff still has not responded to defendant's interrogatories and requests for production that were served almost four months ago. Plaintiff has also disregarded the court's June 12, 2001, Order and has not heeded the court's warning that his lawsuit may be dismissed as a sanction for his noncompliance.

---

plaintiff's responses to defendant's discovery requests. In response, defendant's counsel verbally agreed to allow plaintiff an additional two weeks, through and including May 18, 2001, to provide the overdue responses."

On May 18, 2001, defendant issued a Notice of Deposition setting plaintiff's deposition for June 14, 2001. On June 11, 2001, defendant's counsel spoke with plaintiff's counsel regarding plaintiff's upcoming deposition which was scheduled for later that week. Plaintiff's counsel stated that he still had not spoken with his client despite his repeated efforts. Plaintiff's counsel requested that the deposition be rescheduled to a later date to allow him additional time to reach his client. Defendant's counsel reluctantly agreed to reschedule plaintiff's deposition to June 26, 2001. (See EXs D & E to defendant's Motion to Dismiss). In agreeing to reschedule plaintiff's deposition, defendant's counsel wrote plaintiff's counsel:

> While you have acknowledged that a Rule 41(b) motion filed by my client would not be frivolous, you have refused to voluntarily dismiss this litigation notwithstanding your client's prolonged failure to contact you or otherwise participate in any way in the prosecution of his claims. It is my sincere hope that you will change your position on that issue if you are again forced to cancel your client's deposition because he has not confirmed that he will be able to attend. In the event your client is not available for deposition on June 26, 2001, and you are unwilling to voluntarily dismiss your client's claims, I will have no choice but to file a motion to dismiss based on your client's failure to prosecute.
>
> As we discussed, I will not agree to a postponement of the deposition of your client now set for June 26, 2001, as any such postponement would most certainly be futile. Also, I would appreciate you forwarding this letter directly to your client so that he will be informed of the steps I intend to take on behalf of my client in the event he fails to appear for his deposition on June 26, 2001.

Defendant's counsel traveled to and appeared for plaintiff's deposition in Huntsville, Alabama, noticed for June 26, 2001. (See EX F to defendant's Motion to Dismiss). According to defendant, "While plaintiff's counsel had previously indicated to defendant's counsel that he would not be present for the deposition on June 26, 2001, given that he had not received confirmation from his client that he would be appearing for the deposition, defendant's counsel nonetheless appeared for the deposition in the event plaintiff appeared for the deposition and claimed to be representing himself. Defendant's counsel waited for plaintiff for nearly thirty

3

minutes beyond the commencement time for his deposition but plaintiff never appeared for deposition." (Defendant's Memorandum in Support of Motion to Dismiss at p. 4).

Plaintiff has taken no action on his case since filing his Complaint. He ignored the June 12, 2001, Order of this court, ignored his own attorney's attempts to contact him, failed to respond to defendant's discovery requests, and failed to appear for deposition. Therefore, defendant requests that the court dismiss plaintiff's Complaint for want of prosecution and award defendant its fees and expenses incurred in defending this lawsuit.

Federal Rule of Civil Procedure 41(b), governing involuntary dismissal, states in relevant part, "For failure of the plaintiff to prosecute or comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant." Similarly, Rule 37(b)(2) provides the court with authority to sanction a party if the party "fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f)." These rules allow the court to manage its docket, enforce its orders, and effectuate the prompt resolution of litigation. *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *see also Gratton v. Great Am. Communications*, 178 F.3d 1373 (11th Cir. 1999)("Dismissal under Rule 41(b) is appropriate where there is a clear record of willful contempt and an implicit or explicit finding that lesser sanctions would not suffice. The district court also has broad authority under Rule 37 to control discovery, including dismissal as the most severe sanction."). The legal standard for determining whether involuntary dismissal is appropriate is whether there is a clear record of delay or willful contempt, and a finding that a lesser sanction would not suffice. *Id.*

Here, plaintiff failed to obey this court's June 12, 2001, Order requiring that he provide discovery responses by June 19, 2001, and requiring that he "show cause" by June 19, 2001, why

an award of fees and expenses should not be entered against him in connection with defendant's Motion to Compel. Moreover, plaintiff has failed to offer *any* responses to the discovery requests which were served almost four months ago and has failed to respond to any of his own attorney's numerous efforts to contact him. Additionally, plaintiff's neglect of this case has forced defendant to notice his deposition twice and to embark on a fruitless trip from Atlanta to Huntsville for his rescheduled deposition on June 26, 2001, in the hope that he would appear. Dismissal of plaintiff's lawsuit is appropriate, given his complete disregard of the court's June 12, 2001, warning of possible dismissal and his total abandonment of this litigation.

Defendant is entitled to an award of attorney's fees and expenses incurred by it in connection with the filing of its successful Motion to Compel for the reasons set forth in that Motion. Specifically, subpart (a)(4)(A) of Rule 37 mandates such an award unless the court finds that an award would be unjustified for some reason.[2] In granting defendant's Motion to Compel, the court ordered plaintiff to show cause in writing why an award of fees and expenses should not be entered against him. Plaintiff failed to make any filing in response to the court's Order, and plaintiff has failed to articulate an reason why such an award would be unjust.

Given that defendant's Motion to Dismiss is based, in large part, on plaintiff's complete disregard of the court's June 12, 2001, Order, as well as his unexcused failure to appear for his rescheduled deposition, Rules 37(b) and 37(d) provide the court with the authority to enter an additional award of attorney's fees and expenses incurred by defendant in connection with the filing of its Motion to Dismiss, in connection with defendant's efforts to procure discovery responses following the court's June 12, 2001, Order, and in connection with the noticing of and

---

[2]Additionally, the Notes of the Advisory Committee on Rules further state that, under this provision, "expenses should ordinarily be awarded" to the prevailing party. *See Fed.R.Civ.P. 37, Advisory Committee Notes.*

attendance at plaintiff's deposition on June 26, 2001. Specifically, Rule 37(b) provides that "in lieu of any of the foregoing orders or in addition thereto, the court *shall* require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." (Emphasis added). Again, plaintiff has presented the court with no argument that he was substantially justified in his disregard of the court's June 12, 2001, Order, and plaintiff has not articulated any reason as to why an award of attorney's fees and expenses would be unjust in this situation. Similarly, in regard to plaintiff's failure to appear for his properly-noticed, rescheduled deposition, Rule 37(d) empowers the court to "make such orders in regard to [plaintiff's] failure as are just." Rule 37(d) specifically contemplates ordering the non-compliant party to "pay the reasonable expenses, including attorney's fees, caused by the [non-compliance]." In light of plaintiff's repeated failure to provide discovery to defendant, an award of attorney's fees and expenses related to filing the instant motion and incurred in connection with the noticing of and attendance at plaintiff's deposition is appropriate.

    Not only is defendant entitled to an award of attorney's fees and expenses incurred in connection with the filing of its Motion to Dismiss, the filing of the previous Motion to Compel, and defendant's efforts to procure discovery from plaintiff, but defendant should be awarded all fees and expenses incurred since the filing of this action given plaintiff's complete abandonment of this litigation. The Supreme Court has stated as follow regarding the power of district courts to award attorney's fees as a sanction:

> we [have] acknowledged the "inherent power" of courts to "assess attorneys' fees for the 'willful disobedience of a court order [...]' or when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons. . . .'" The

> bad-faith exception for the award of attorney's fees is not restricted to cases where the action is filed in bad faith. "'[Bad] faith' may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation." This view coincides with the ruling in Link, supra, which approved judicial power to dismiss a case not because the substantive claim was without merit, but because the plaintiff failed to pursue the litigation.

*Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765-66, 488 (1980)(internal citations omitted).

Additionally, Title VII and Section 1981 authorize a court to award a "prevailing party" its attorney's fees. *See* 42 U.S.C.§ 2000e-5(k); 42 U.S.C. §1988(b). The Eleventh Circuit has recently stated that "[a] defendant who has prevailed has not "prevailed" unless the plaintiff's action was 'frivolous, unreasonable, or without foundation.'" *Harrington v. Cleburne County Board of Education*, 2001 U.S. App. LEXIS 10488 (11th Cir. May 18, 2001). Certainly, plaintiff's complete abandonment of this litigation and his disregard for the court's Order and processes has been "unreasonable." *See Lucas v. Aetna Casualty and Surety Co.*, 552 F. Supp. 824 (D. Colo. 1981)(holding defendant who prevailed on motion to dismiss for failure to prosecute entitled to recovery of all attorney's fees incurred in defending against plaintiff's federal discrimination claims); *see also Torres v. Richard Costich and Costich Brothers*, 935 F. Supp. 232, 235 (W.D.N.Y. 1996)(recognizing that "a court may award fees in such circumstances under the court's inherent power to award attorney's fees to a successful litigant when the opposing party has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'")(quoting *Hall v. Cole*, 412 U.S. 1, 5 (1973)).

Defendant requests an award of attorney's fees against plaintiff individually in an amount consistent with the affidavit of Patrick F. Clark, counsel for defendant, which is attached to its Motion to Dismiss as Exhibit G.[3]

---

[3] The court agrees that defendant is entitled to all reasonable legal fees and expenses incurred in defending this lawsuit. According to defendant, plaintiff's counsel has evidenced

7

Because plaintiff has failed to follow this court's June 12, 2001, Order, has repeatedly delayed the discovery process, and has otherwise taken no action whatsoever with regard to this case, his Complaint is due to be dismissed with prejudice and defendant is entitled to an award of attorney's fees. An Order will be entered in accordance with this Opinion.[4]

**DONE** this 20th day of August, 2001.

Sharon Lovelace Blackburn
**SHARON LOVELACE BLACKBURN**
United States District Judge

---

good faith during the course of this litigation. Therefore, defendant requests an award of fees against plaintiff, and not his attorney.

[4] The language in this Opinion tracks closely the language in defendant's Memorandum. While the language comes largely from defendant's Memorandum (included in its Motion to Dismiss), the findings and conclusions herein represent the court's opinion and views.